[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-2209

MARK R. MERRIFIELD,

Plaintiff, Appellant,

v.

JOHN DEMELLO, BARNSTABLE COUNTY SHERIFF, ET AL.,

Defendants, Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge] 


Before

Torruella, Chief Judge, 
Campbell, Senior Circuit Judge, 
and Boudin, Circuit Judge. 


Mark R. Merrifield on brief pro se. 
Joan M. LeGraw, Robert S. Troy and Robert S. Troy and Associates, 
on brief for appellees, John DeMello, Barnstable County Sheriff's
Dept., Robert A. O'Leary, John W. Doane, Victoria H. Lowell, and
Barnstable County.
John J. O'Brien, Jr. and Kirby, O'Brien & von Rosenvinge on brief 
for appellees, Nancy Blanchard, Neil Nightingale and The Barnstable
Police Department.
Scott Harshbarger, Attorney General, and William J. Meade, 
Assistant Attorney General, on Motion to Dismiss Appeal or for Summary
Affirmance and Memorandum of Law in Support for appellees, Philip
Rollins and J. Thomas Kirkman.



June 18, 1997


Per Curiam. Pro se appellant Mark Merrifield 

appeals from the district court's grant of summary judgment

against him in his 42 U.S.C. 1983 suit against various

local government defendants. After careful review of the

record, we conclude that most of Merrifield's contentions on

appeal lack merit. Accordingly, we affirm judgment in

defendants' favor essentially for the reasons given in the

district court's orders issued on December 19, 1995, and on

July 2, 1996. However, we affirm dismissal of Merrifield's

claims against Barnstable town police officer Nancy Blanchard

for the reasons given below. 

We note that the record gives rise to an isolated

issue of fact as to whether sworn statements or affidavits 

were submitted. The Fourth Amendment warrant clause is

directed to sworn statements and it is not certain that sworn

statements, either written or oral, were submitted in support

of the arrest warrant which Officer Blanchard obtained and

relied on in arresting Merrifield on September 17, 1992.

But, for reasons that follow, we do not think any purpose

would be served by a remand to explore this factual issue in

further detail or to determine whether on the facts so found,

a constitutional violation might exist (and, if so, whether

any damages could be established).

The reason why this is unnecessary is that the thrust of

Merrifield's 1983 action is for malicious prosecution, not

-2-

merely for wrongful arrest. Merrifield asserts not just an

absence of sworn affidavits to support the arrest warrant,

but that the charges against him were "bogus", that the

warrant was maliciously obtained, and that, in effect, it

lacked any factual basis. A judgment in Merrifield's favor

would consequently imply the invalidity of his subsequent

conviction of the charges for which he was arrested.

Accordingly, since Merrifield has not shown that his

conviction has already been invalidated, his suit must be

dismissed. See Heck v. Humphrey, 512 U.S. 477, 486 (1994) 

(if judgment in a 1983 plaintiff's favor would necessarily

imply the invalidity of his conviction, the complaint must be

dismissed unless the plaintiff can demonstrate that the

conviction has already been invalidated). We note that a

dismissal under Heck is without prejudice. See Guzman-Rivera 

v. Rivera-Cruz, 29 F.3d 3, 6 (1st Cir. 1994). 

During the course of this action, the district

court dismissed two defendants -- Clerk Magistrate Omer

Chartrand and defense counsel John Biega -- without prejudice

since they had never been served with process. We modify the

judgment in their favor to be with prejudice since Merrifield 

could not bring suit against them at all under 1983.

Chartrand was absolutely immune for his decision to issue the

arrest warrant. See Scott v. Dixon, 720 F.2d 1542, 1546 

(11th Cir. 1983), cert. denied, 469 U.S. 832 (1984); see also 

-3-

Boyer v. City of Washington, 971 F.2d 100, 102 (8th Cir. 

1992) (per curiam) (dictum); Torres Ramirez v. Bermudez 

Garcia, 898 F.2d 224, 228 (1st Cir. 1990) (by implication). 

Since defendant John Biega was appointed by the state court

to defend Merrifield against the criminal charges against

him, his actions did not constitute state action under 1983

and he could not be sued. See Polk County v. Dodson, 454 

U.S. 312, 325 (1981).

Affirmed. We modify the judgment of dismissal 

against defendant Nancy Blanchard to be without prejudice and 

the judgment of dismissal against defendants Omer Chartrand 

and John Biega to be with prejudice.  

-4-